## LOIS GARBERG v. MINNESOTA DEPARTMENT OF PUBLIC WELFARE AND ANOTHER.

252 N. W. 2d 274.

April 1, 1977—No. 46815.

*Paul Onkka,* Legal Assistance of Ramsey County, for appellant.

*Warren Spannaus,* Attorney General, *Thomas L. Fabel,* Deputy Attorney General, and *Tibor M. Gallo,* Special Assistant Attorney General, for respondent Department of Public Welfare.

*William B. Randall,* County Attorney, and *Margaret M. Marrinan,* Assistant County Attorney, for respondent Ramsey County Welfare Board.

PER CURIAM.

This is an appeal from an order of the district court denying appeal from an order of the Minnesota Department of Public Welfare which upheld a termination of benefits under Aid to Families with Dependent Children (AFDC) ordered by the Ramsey County Welfare Board. We affirm.

Prior to her remarriage, appellant received AFDC benefits in an amount based on her needs as well as those of her children. Following her remarriage, the amount of AFDC benefits appellant received was reduced to an amount required for the children's needs alone since appellant's needs were thereafter presumably to be met by her new husband. Subsequently appellant was notified that these reduced benefits were also to be terminated. Appellant contests this termination of benefits for her children.

The facts relating to the termination of benefits are these: Prior to her remarriage appellant sold her solely owned home and pooled the proceeds of that sale, $9,000, with $25,500 of her fiance's money to make a downpayment on a jointly owned home, the purchase price of which was $42,500. Shortly thereafter, appellant and her fiance were married. The welfare board based its termination of benefits on the ground that appellant had an

equitable interest in real property in excess of the $7,500 maximum provided by Minn. St. 256.73, subd. 2.

Under this statute ownership by specified persons of real estate used as a home having a market value, less encumbrances, in excess of $7,500 is a bar to eligibility for AFDC benefits unless the county welfare board determines that the real estate is unavailable for the support of the family. Two examples of the unavailability contemplated by the statute are (1) where the home is in joint tenancy, the father deserts his family, and the home cannot be sold or refinanced but can provide shelter for the family, or (2) where there is no buyer for the home at a reasonable price and the property cannot be refinanced. Department of Public Welfare, AFDC Program Manual, IV-L-3.

The regulations of the county welfare department do not contain anything bearing precisely on the sitaution presented here, but the Income Maintenance Manual, § III-3111.01, states that real property is not a factor in eligibility for aid for children in the situation where the stepfather deeds his real property to his wife, an AFDC recipient, as a joint tenant.

This case is not a situation where the stepfather using only his own funds purchased property in joint tenancy with the dependent children's mother. Rather, we have a situation where the mother has taken the proceeds from the sale of her solely owned house, an amount which exceeded the statutory maximum and technically rendered the proceeds unavailable for use in supporting the children by putting the entire proceeds into a jointly owned homestead. Her excess equity is technically unavailable because the property is homestead property, and her husband has stated that he will not consent to any sale or refinancing of the property. Under Minn. St. 507.02, appellant can liquidate her excess equity in the homestead only with her husband's consent.

Under the circumstances, however, we believe that appellant's actions should bar her claim that the excess equity in her house is unavailable. It was appellant who put the excess equity

beyond her own control, so that if appellant were to prevail in this matter, she would in effect be profiting from a situation of her own creation.

Affirmed.